JUAN BIANCHI ET AL., Appellants, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 863. Submitted February 15, 1932.—Decided March 10, 1932.

*A. Nazario Lugo* for appellants. The registrar appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the Court.

There was a contract of lease which was recorded in the registry of property. Subsequently the parties to the lease agreed to change the amount of the rent to be paid annually. Apparently having some doubt as to whether the payment of rent was not of a personal rather than of a real nature, they consulted the registrar. After this consultation the parties presented in the registry of property a new paper writing in which they agreed upon a deduction in the amount of yearly rent. To this paper writing called a deed of modification and ratification of a contract of lease the parties accompanied internal revenue stamps to the amount of $22.50. On the theory that the paper writing presented was a new contract of lease, the registrar required that the parties should pay $336.50. He held that under these circumstances paragraph No. 4 of the schedule was not applicable and that paragraph No. 5 was. The registrar held that the law did not cover a case of this kind; that the Act permitting annotations to be made covered certain specific matters and that

a change in the amount of rent by a paper writing or deed, as here, was not covered by the mortgage law or the schedule. He held in effect that it was a case of *expressio unius est exclusio alterius.*

We think that the reasoning of the registrar is not at fault. Nevertheless, we shall add some considerations in affirmance of his decision. A contract of lease is defined by sections 1445 and 1446 of the Civil Code as follows:

"Sec. 1445. A lease may be of things, works, or services.

"Sec. 1446. In a lease of things, one of the parties thereto binds himself to give to the other the enjoyment or use of a thing for a specified time and a fixed price."

Hence one of the essential terms of the contract of lease is the price. When the parties come together and agree upon another price it is actually and in effect a new lease. No term of a lease can be varied in material form without constituting a new agreement. Here evidently the parties came together and agreed upon a new price.

The appellants argue that in reality the payment of rent is strictly a personal matter; that the real matter in interest is the turning over of the possession of the property and that the rent is an incident. They concede, however, that the record of the reduced rate in the registry is to the interest of the lessee in case the property is sold, especially to exclude a claim by the purchaser that the original rental was higher. Indeed they maintain that the record is exclusively in the interest of the lessee. We do not see how any of these considerations can affect the conclusion that a substantial change in the amount of the rent to be paid constitutes a new lease and the parties can not insist upon a marginal note, and it is doubtful if they would be protected by such a marginal note.

The note of the registrar will be affirmed.